UNITED STATES of America,
Plaintiff-Appellee,

v.

Drew Alexander YOUNG, a.k.a. Drew
Y, a.k.a. dyshizzl, Defendant-
Appellant.

No. 16-11774
Non-Argument Calendar

United States Court of Appeals,
Eleventh Circuit.

Date Filed: 01/04/2017

Tonya R. Long, Assistant U.S. Attorney, Christopher Barrett Browne, Assistant U.S. Attorney, Wifredo A. Ferrer, Lisa Tobin Rubio, Emily M. Smachetti, U.S. Attorney's Office, Miami, FL, for Plaintiff-Appellee

Stewart Glenn Abrams, Michael Caruso, Federal Public Defender, Federal Public Defender's Office, Miami, FL, for Defendant-Appellant

Before MARCUS, WILSON, and FAY, Circuit Judges.

PER CURIAM:

Drew Young appeals his 235-month sentence, imposed after he pleaded guilty to one count of sexually exploiting a minor for the purpose of producing a visual depiction of sexually explicit conduct, in violation of 18 U.S.C. § 2251(a). Specifically, Young appeals the district court's application of a four-level enhancement, under U.S.S.G. § 2G2.1(b)(4), for an offense involving material portraying sadistic, maso-chistic, or otherwise violent content. Young argues that the photo did not depict subjugation or pain, as the minor acted of her own volition and was not directed by Young.

"We review a sentencing court's findings of fact for clear error and its application of the guidelines de novo." *United States v. Victor*, 719 F.3d 1288, 1290 (11th Cir. 2013). Ultimately, "[t]he government bears the burden of establishing the applicability of a sentencing enhancement by a preponderance of the evidence." *Id.*

Here, the district court properly applied the four-level enhancement. Among the evidence produced was an image of a 13-year-old girl penetrating herself with a stick. Section 2G2.1(b)(4) provides a four-level enhancement for an offense that "involved material that portrays sadistic or masochistic conduct or other depictions of violence." U.S.S.G. § 2G2.1(b)(4). In interpreting § 2G2.1(b)(4) and similar guidelines, we have repeatedly held that photographs depicting children being vaginally or anally penetrated, regardless of whether it is by adults or foreign objects, are sadistic. *See United States v. Hall*, 312 F.3d 1250, 1262–63 (11th Cir. 2002) (involving an image of an adult male penetrating a girl under the age of 12); *United States v. Caro*, 309 F.3d 1348, 1351 (11th Cir. 2002) (involving photos of "prepubescent girls being anally and vaginally penetrated by use of foreign objects"); *United States v. Bender*, 290 F.3d 1279, 1286 (11th Cir. 2002) (involving photographs of children being vaginally and anally penetrated by adult males); *United States v. Garrett*, 190 F.3d 1220, 1224 (11th Cir. 1999) (involving a photo of "an 11 year old girl with a glass soda bottle in her vagina").

Further, we have never applied a subjugation requirement for § 2G2.1(b)(4). We have instead focused on the content that is depicted in the image at issue. *See general-*

*ly Hall*, 312 F.3d 1250; *Caro*, 309 F.3d 1348; *Bender*, 290 F.3d 1279; *Garrett*, 190 F.3d 1220. We decline to adopt such a requirement now. Upon review of the record and consideration of the parties' briefs, we affirm.

**AFFIRMED.**